JOHN M. BEGAKIS (Bar No. 278681)
john@altviewlawgroup.com
JASON W. BROOKS (Bar No. 249344)
Jason@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Boulevard, Suite 800
Los Angeles. California 90025
Telephone: (310) 230-5580
Facsimile: (310) 943-2540

*Attorneys for Plaintiff*
ANEMNESIS, LLC, a California limited liability
company; DEVAN DAY, an individual; and
BLAKE POWERS, an individual

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEMNESIS, LLC, a California limited liability company; DEVAN DAY, an individual; and BLAKE POWERS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN WADE, an individual; NICK SUDDARTH, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>1. **Fraud**<br>2. **Violation of the Computer Fraud and Abuse Act**<br>3. **Theft of Trade Secrets**<br>4. **Federal Trademark Infringement**<br>5. **Common Law Trademark Infringement**<br>6. **Conversion**<br>7. **Breach of Contract**<br>8. **Declaratory Relief**<br>9. **Intentional Interference with Business Contracts**<br>10. **Unfair Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §§ 17200,** *et seq.*<br>11. **Accounting** |

---

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Plaintiffs ANEMNESIS, LLC, a California limited liability company
2  ("Anemnesis"), DEVAN DAY, an individual ("Day"), and BLAKE POWERS, an
3  individual ("Powers") (collectively, "Plaintiffs"), by and through their undersigned
4  counsel of record, hereby allege the following:

5  **THE PARTIES**

6  1.  Plaintiff Anemnesis is, and at all relevant times herein was, a limited
7  liability company existing under and by virtue of the laws of the State of California,
8  with its principal place of business located at 19275 Bay Street, Sonoma, California
9  95476.

10  2.  Plaintiff Day is, and at all relevant times herein was, an individual
11  residing in the County of Napa, State of California.

12  3.  Plaintiff Powers is, and at all relevant times herein was, an individual
13  residing in the County of Napa, State of California.

14  4.  Plaintiffs are informed and believe and, on the basis of such information
15  and belief, allege that Defendant RYAN WADE ("Wade") is, and at all relevant times
16  herein was, an individual residing in the County of Napa, State of California.

17  5.  Plaintiffs are informed and believe and, on the basis of such information
18  and belief, allege that Defendant NICK SUDDARTH ("Suddarth") is, and at all
19  relevant times herein was, an individual residing in the County of Maricopa, State of
20  Arizona.

21  6.  The true names and capacities of DOES 1 through 25, inclusive, whether
22  individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time,
23  who therefore sues said defendants by such fictitious names, and when the true names,
24  capacities, and relationships of such defendants are ascertained, Plaintiffs will ask
25  leave of Court to amend this Complaint to assert the same.

26  7.  Plaintiffs are informed and believes and, on the basis of such information
27  and belief, alleges that each defendant named in this Complaint was, at all times
28  herein mentioned, and now is, the agent and/or employee of each of the other

1

COMPLAINT

defendants herein, and was at all times acting within the course and scope of said agency and/or employment.  When referring to "Defendants" herein, Plaintiffs intend to include Defendants Wade, Suddarth, and all other defendants.

## JURISDICTION & VENUE

8.    This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. §§ 1121(a) and 1125(d), and 28 U.S.C. §§ 1331 and 1338(a) and (b), because this lawsuit arises, in part, from a claim for trademark infringement under the Lanham Act.    Additionally, this Court has supplemental jurisdiction over all additional non-federal claims, pursuant to 28 U.S.C. § 1367.

9.    This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and Plaintiffs' intellectual property within the State of California and in this judicial district.

10.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Complaint occurred in this District.  Specifically, on or about October 31, 2017, following a show at the Belasco Theater located within the County of Los Angeles, State of California, Defendants engaged in at least some of the wrongful acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.    Plaintiff Anemnesis is the true entity by which its members, Plaintiffs Day and Powers, and Defendant Wade, have performed as the electric dance music DJ group Helicopter Showdown since at least as early as June of 2013.

12.    To date, Helicopter Showdown has performed sold out shows at world famous venues across the country, including at the House of Blues in Las Vegas, NV, the Knitting Factor in New York City, NY, and the Fonda Theater in Hollywood, CA.

13.    Plaintiffs have obtained and own the following digital assets:

    a.  a Gmail Account located at <helicoptershodown@gmail.com>;

    b.  a Facebook Account located at

        <http://www.facebook.com/helicoptershowdown>

    c.  an Instagram Account located at

        <www.instagram.com/helicoptershowdown>;

    d.  a Twitter Account located at <https://twitter.com/helishowdown>; and

    e.  a SoundCloud Account located at

        <https://soundcloud.com/helicoptershowdown> (collectively, the "Digital Accounts")

14.    On or about February 25, 2014, Plaintiffs also obtained registration in the word mark "HELICOPTER SHOWDOWN" in International Class 041, which bears registration number 4,488,439 (the "Mark"). A true and correct copy of Plaintiffs' Certificate of Registration of the Mark is attached hereto as Exhibit "A" and incorporated herein by this reference.

15.    In or about September or October of 2017, a serious dispute arose between Plaintiffs Day and Powers, on the one hand, and Defendant Wade, on the other. Namely, Plaintiffs Day and Powers discovered that Defendant Wade had taken for himself money due and owing to Plaintiffs for shows previously performed, and was independently and improperly exploiting the Mark without authorization from Plaintiffs.

16.    When the parties attempted in or about October of 2017 to resolve the dispute, Defendant Wade suggested bringing Defendant Suddarth into their discussions, to purportedly assist the parties with resolving their dispute. However, Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendants Wade and Suddarth conspired together to further harm Plaintiffs.

17.    In furtherance of this plan, Defendant Suddarth convinced Plaintiffs in or about October 2017 to change the user name and password to each of the Digital

3

COMPLAINT

Accounts to something that "everyone could agree on." After Plaintiffs agreed to do this, Defendant Wade gained access to the Digital Accounts, and exceeded the scope of his authorized access by changing the username and password for each Account on or about November 7, 2017 and taking unauthorized control.

18.    On the very same day, November 7, 2017, Defendant Wade fraudulently transferred ownership of the Mark from Plaintiff Anemnesis to himself without Plaintiffs' knowledge or authorization.

19.    On or about February 26, 2018, Plaintiffs sent Defendants Wade and Suddarth a final demand letter, setting forth the scope of Plaintiffs' claims resulting from Defendants' actions, and demanding that Defendants cease and desist from the same.

20.    In response, on or about March 28, 2018, Defendant Wade proceeded to fraudulently register an identical business entity known as Anemnesis, LLC with the State of California, for the sole purpose of confusing the public and frustrating Plaintiffs' efforts to bring claims against Defendants by and through Plaintiff Anemnesis. Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendant Wade is advertising, distributing, marketing, promoting, offering for sale, and/or selling competing DJ services under this identical business entity.

21.    Accordingly, this Complaint necessarily results.

## FIRST CAUSE OF ACTION

### Fraud

### (By Plaintiffs Against All Defendants)

22.    Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 21, as though set forth in full herein.

23.    Plaintiffs have discovered that Defendants made intentionally false and fraudulent representations to Plaintiffs regarding the Digital Accounts, including, without limitation, representing that Defendant Wade would not exceed the scope of

COMPLAINT

his authorization to access the Digital Accounts if the username and password for each account was changed to something that "everyone could agree on."

24. Defendants representations were, in reality, false, as evidenced by the fact that Defendant Wade exceeded the scope of his authorization to access the Digital Accounts by changing the username and password for each one less than one month after Defendants represented that Defendant Wade would not do so.

25. Defendants knew their representations to Plaintiffs were false when made, but made them anyway in an effort to have the usernames and passwords for the Digital Accounts changed to something that Defendant Wade knew and could thereafter change for himself.

26. Defendants made their false and fraudulent representations with the intent to defraud and deceive Plaintiffs, and with the intent to induce Plaintiffs to change the usernames and passwords to something Defendant Wade knew and could thereafter change for himself, as evidenced, in part, by the fact that Defendant Suddarth, in as recently as February 2018, was posting information to Facebook regarding his partnership with Defendant Wade acting, without authorization, as Helicopter Showdown via the stolen Digital Accounts.

27. When Defendants made such representations, Plaintiffs were unaware of the falsity of the same, and believed such false and fraudulent representations to be true.

28. In reliance on such representations, Plaintiffs were induced into changing the usernames and passwords for the Digital Accounts to something that Defendant Wade knew and could thereafter change for himself.

29. As a direct and proximate result of Defendants' intentional misrepresentations as alleged herein, Plaintiffs have suffered damages in an amount to be proven at trial, plus interest thereon at the maximum rate allowed by law.

30. Defendants' acts as alleged herein were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages in an amount to

COMPLAINT

be determined at trial.

## SECOND CAUSE OF ACTION

### Violation of the Computer Fraud and Abuse Act

### (By Plaintiffs Against All Defendants)

31.     Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 30, as though set forth in full herein.

32.     Plaintiffs' Digital Accounts are involved in interstate and foreign commerce and communication, and are therefore protected under 18 U.S.C. § 1030(e)(2).

33.     Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendant Wade, with assistance from Defendant Suddarth, knowingly and intentionally accessed Plaintiffs' Digital Accounts without authorization or in excess of authorization granted to them by Plaintiffs.

34.     Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that, after gaining unauthorized access to Plaintiffs' Digital Accounts, Defendant Wade, with assistances from Defendant Suddarth, changed the username and/or access password for each such account.

35.     Defendants knowingly, willfully, and with the intent to defraud Plaintiffs, trafficked in login information through which the Digital Accounts were accessed without authorization, affecting interstate commerce.

36.     Defendants' unlawful conduct has damaged Plaintiffs, in the form of lost monies invested into building and promoting the Digital Accounts, and lost monies from lost performance and/or booking opportunities, in an amount to be determined at trial.

37.     Plaintiffs also seek compensatory and other equitable relief under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

38.     Plaintiffs have suffered irreparable and incalculable harm and injury resulting from Defendants' unlawful conduct, which harm will continue unless

COMPLAINT

1  Defendants are enjoined from taking any further action regarding the Digital

2  Accounts. Plaintiffs have no adequate remedies at law.

3  **THIRD CAUSE OF ACTION**

4  **Theft of Trade Secrets**

5  **(By Plaintiffs Against All Defendants)**

6      39.    Plaintiffs repeat, reallege, and incorporate herein by this reference each

7  and every allegation contained in ¶¶ 1 through 38, as though set forth in full herein.

8      40.    At all relevant times, Plaintiffs were the true owners of the account

9  access information, and followers, subscribers, and/or viewers of each Digital

10  Account (collectively, "Trade Secrets").

11      41.    Plaintiffs' Trade Secrets derived independent economic value from not

12  being independently known or readily ascertainable to persons without access to the

13  Digital Accounts, and from the time, effort, and resources that Plaintiffs invested to

14  develop such Trade Secrets.

15      42.    At all relevant times, Plaintiffs used reasonable efforts to maintain the

16  secrecy of their Trade Secrets, including, without limitation, by refusing to provide

17  Defendant Wade with account access information to the Digital Accounts until

18  Defendants essentially pleaded with Plaintiffs to be granted such access.

19      43.    Defendants had a duty to maintain the secrecy of Plaintiffs' Trade

20  Secrets, and not use them for Defendants' own benefit. This duty arose, without

21  limitation, from Defendant Wade's position as a member of Plaintiff Anemnesis, and

22  from Defendant Suddarth's position as someone brought in to help "mediate" the

23  parties' dispute.

24      44.    Defendants have misappropriated and improperly used Plaintiffs' Trade

25  Secrets by, among other things: (i) gaining unauthorized access to the Digital

26  Accounts; and (ii) utilizing the Digital Accounts to market the availability of

27  Defendant Wade's independent DJ services, in direct competition with Plaintiffs.

28      45.    Plaintiffs are informed and believe and, on the basis of such information

7

COMPLAINT

and belief, herein allege that Defendants' acts were willful, malicious, and fraudulent, and therefore entitle Plaintiffs to both exemplary damages under California Civil Code § 3426.3(c), and attorneys' fees under California Civil Code § 3426.4.

46.     Unless Defendants are enjoined from taking any further action regarding the Digital Accounts, Defendants misappropriation of Plaintiffs' Trade Secrets will continue to cause great and irreparable harm to Plaintiffs.  Plaintiffs have no adequate remedies at law.

## FOURTH CAUSE OF ACTION

### Federal Trademark Infringement

### (By Plaintiffs Against Defendant Wade and DOES 1-15)

47.     Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 46, as though set forth in full herein.

48.     The actions of Defendant Wade as alleged herein, specifically, without limitation, his unauthorized use of the Mark in commerce to advertise, promote, market, and/or sell his independent, and directly competitive, DJ services constitutes trademark infringement in violation of 15 U.S.C. § 1114 and 1125(a).

49.     As a direct and proximate result of Defendant Wade's actions as alleged herein, Plaintiffs are entitled to recover damages in an amount to be determined a trial, profits made by Defendant Wade in advertising and selling his independent, and directly competitive, DJ services, and the costs of this action.

50.     Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendant Wade's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

51.     Defendant Wade's actions, if not enjoined, will continue.  Accordingly, Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

///

COMPLAINT

# FIFTH CAUSE OF ACTION

## Common Law Trademark Infringement

### (By Plaintiffs Against Defendant Wade and DOES 1-15)

52.    Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 51, as though set forth in full herein.

53.    Plaintiffs own and enjoy common law trademark rights in the name "Anemnesis" (the "Common Law Mark"), by virtue of Plaintiffs' continuous use of such name through operation of Helicopter Showdown via Plaintiff Anemensis. Plaintiffs' rights in the Common Law Mark are superior to any rights that Defendant Wade may purport to independently possess in an identical name.

54.    Defendant Wade's use of the Common Law Mark in his intentional registration of a business entity named Anemnesis, LLC, which was formed to advertise, distribute, market, promote, offer for sale, and/or sell competing DJ services, is likely to cause confusion and, upon information and belief, has caused confusion as to the source of Plaintiffs' own DJ services.

55.    By reason of Defendant Wade's actions alleged herein, Plaintiffs have suffered, and will continue to suffer, irreparable injury to their rights, and have suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of the Common Law Mark, unless and until Defendant Wade is enjoined from continuing his wrongful acts under his identical business entity.

56.    As a direct and proximate result of Defendant Wade's actions as alleged herein, Plaintiffs are entitled to recover damages in an amount to be determined a trial, and the costs of this action.

# SIXTH CAUSE OF ACTION

## Conversion

### (By Plaintiffs Against Defendant Wade and DOES 1-15)

57.    Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 56, as though set forth in full herein.

9

COMPLAINT

58.    At all relevant times, Plaintiffs were, and still are, entitled to possession of the Digital Accounts, as well as revenues for shows that Defendant Wade was not entitled to.

59.    Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendant Wade has wrongfully converted the Digital Accounts and revenues for his own use and benefit.

60.    As a direct and proximate result of Defendant Wade's conversion of the Digital Accounts and revenues, Plaintiffs have suffered damages in an amount to be determined at trial.

61.    Plaintiffs are informed and believe and, on the basis of such information and belief, herein allege that Defendant Wade's aforementioned acts were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud Plaintiffs, and therefore justify the imposition of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### Breach of Contract

### (By Plaintiffs Against Defendant Wade and DOES 1-15)

62.    Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 61, as though set forth in full herein.

63.    Commencing in or about June of 2013, Plaintiffs and Defendant Wade entered into an implied-in-fact agreement (the "Agreement"), whereby Defendant Wade agreed to participate in all aspects of Plaintiffs' creation of recorded music, and performance of live music at shows of all sizes.  The Agreement is evidenced by the fact that Defendant Wade willingly participated in all aspects of the Helicopter Showdown band until the parties' dispute in or around the end of 2017.

64.    Plaintiffs have performed all terms, conditions, and covenants of the Agreement.  Notwithstanding the terms of the Agreement, Defendant Wade materially breached the Agreement by, without limitation: (a) refusing to distribute monies due and owing to Plaintiffs; (b) intentionally frustrating Plaintiffs' ability to book and

COMPLAINT

travel to shows; (c) refusing to allow Plaintiffs' the ability to access the Digital Accounts; and (d) by generally refusing to cooperate with Plaintiffs in the recording and performance of Plaintiffs' music.  As a result of Defendant Wade's material breach of the Agreement, Plaintiffs have lost revenue, and have therefore been damaged in an amount to be determined at trial.

65.    Plaintiffs have made repeated demands upon Defendant Wade regarding lost revenue owed from shows performed, and regarding the return of possession of Plaintiffs' Digital Accounts.  Defendant Wade has failed to address such demands, however, and there is now due, owing, and unpaid from Defendant Wade to Plaintiffs an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### Declaratory Relief

### (By Plaintiffs Against All Defendant Wade and DOES 1-15)

66.    Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1 through 65, as though set forth in full herein.

67.    An actual controversy exists between Plaintiffs and Defendant Wade regarding ownership of the Mark.

68.    An actual controversy exists between Plaintiffs and Defendant Wade regarding ownership of the Common Law Mark, and Defendant Wade's continued right to operate an identical business entity bearing the Common Law Mark.

69.    Plaintiffs reasonably anticipate litigation regarding the Mark and Defendant Wade's use of the Common Law Mark on an identical business entity, based upon the wrongful conduct of Defendant Wade.  Accordingly, Plaintiffs request that this court grant declaratory relief, declaring that Plaintiffs are the true and rightful owners of the Mark, and that Defendant Wade's efforts to transfer ownership of the Mark from Plaintiffs to himself should be cancelled.  Plaintiffs further request that this court grant declaratory relief, declaring that Plaintiffs are the true and rightful owners of the Common Law Mark, and that Defendant Wade's efforts to form an identical

11

COMPLAINT

1  business entity bearing the Common Law Mark should be reversed.

2       70.    Plaintiffs are informed and believe and, on the basis of such information
3  and belief, herein allege that Defendant's wrongful activities have caused, and unless
4  enjoyed by this Court will continue to cause, irreparable injury and other damages to
5  Plaintiffs' business, reputation, and goodwill.  Plaintiffs have no adequate remedy at
6  law.

7                              **NINTH CAUSE OF ACTION**

8                   **Intentional Interference with Business Contracts**

9               **(By Plaintiffs Against Defendant Wade and DOES 1-15)**

10      71.    Plaintiffs repeat, reallege, and incorporate herein by this reference each
11  and every allegation contained in ¶¶ 1 through 70, as though set forth in full herein.

12      72.    At all relevant times, Plaintiffs had validly enforceable contracts with
13  venues for upcoming shows in which Plaintiffs were to perform.

14      73.    Defendant Wade was aware of these existing agreements by virtue of his
15  position as a member of Plaintiff Anemnesis.

16      74.    Defendant Wade intended to, and did, disrupt the full and complete
17  performance of Plaintiffs' contractual relationships, by, among other things,
18  cancelling such shows without Plaintiffs' authorization.

19      75.    As a direct and proximate result of Defendant Wade's conduct, Plaintiffs
20  have suffered monetary damages in an amount to be proven at trial.

21                              **TENTH CAUSE OF ACTION**

22                   **Unfair Business Practices In Violation of**

23                   **Cal. Bus. and Prof. Code §§ 17200, *et seq*.**

24                   **(By Plaintiffs Against All Defendants)**

25      76.    Plaintiffs repeat, reallege, and incorporate herein by this reference each
26  and every allegation contained in ¶¶ 1 through 75, as though set forth in full herein.

27      77.    Defendants' conduct, as alleged herein, violates California law, and thus
28  constitutes unfair and unlawful business acts and practices, in violation of California

1    Business and Professions ("Cal. Bus. and Prof.") Code §§ 17200, *et seq*.

2        78.    A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be
3    predicated on violation of any state or federal law.  In the instant case, Defendants
4    actions in, among other things, actually, or assisting in, exceeding the scope of
5    authorized access to the Digital Accounts by changing the username and password for
6    each one, violated, *inter alia*, the Computer Fraud and Abuse Act.

7        79.    Plaintiffs have been personally aggrieved by Defendants' unlawful
8    business acts and practices, as alleged herein, including, without limitation, through
9    the loss of money and/or property.

10       80.    Pursuant to Cal. Bus. and Prof. Code §§ 17200, *et seq*., Plaintiffs are
11   entitled to an award of reasonable attorneys' fees pursuant to CCP § 1021.5 and other
12   applicable laws, as well as an award of costs.

**ELEVENTH CAUSE OF ACTION**

**Accounting**

**(By Plaintiffs Against Defendant Wade and DOES 1-15)**

16       81.    Plaintiffs repeat, reallege, and incorporate herein by this reference each
17   and every allegation contained in ¶¶ 1 through 80, as though set forth in full herein.

18       82.    Defendant Wade owes a duty to account to Plaintiffs for any and all
19   expenses, profits, and other monies incurred or generated in connection with his
20   involvement in, and participation with, Helicopter Showdown.

21       83.    Plaintiffs have demanded an accounting of such aforementioned
22   expenses, profits, and other monies incurred or generated in connection with
23   Defendant Wade's involvement in, and participation with, Helicopter Showdown, but
24   Defendant Wade has failed and refused, and continues to fail and refuse, to provide
25   such an accounting.

26       84.    As a result of Defendant Wade's refusal to provide access to books and
27   records evidencing such aforementioned expenses, profits, and other monies incurred
28   or generated, Plaintiffs are informed and believe and, on the basis of such information

13

COMPLAINT

1    and belief, herein allege that Defendant Wade has received profits and/or other monies

2    due and owing to Plaintiffs.

3         85.    The precise amount of any profits and/or other monies due and owing

4    from Defendant Wade to Plaintiffs cannot be readily ascertained at this time without a

5    full accounting thereof.

6                              **PRAYER FOR RELIEF**

7         WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

8         1.    For temporary injunctive relief;

9         2.    For permanent injunctive relief;

10        3.    For a declaration of the rights and obligations of the parties as it relates to

11              ownership of the Mark and the Common Law Mark;

12        4.    For an accounting between Plaintiffs and Defendants of all books and

13              records pertaining to the Helicopter Showdown;

14        5.    For general damages in an amount to be proven at trial;

15        6.    For special damages in an amount to be proven at trial;

16        7.    For treble damages in an amount to be proven at trial;

17        8.    For punitive and/or exemplary damages in an amount to be proven at

18              trial;

19        9.    For reasonable attorneys' fees and costs of suit incurred herein;

20        10.   For pre-judgment interest according to proof at trial; and

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

---

14

COMPLAINT

11.    For such other and further relief as this Court deems just and proper.

Dated:  April 6, 2018

Respectfully submitted,

**ALTVIEW LAW GROUP, LLP**


By:  __/s/ John Begakis_____
JOHN M. BEGAKIS
JASON W. BROOKS
*Attorneys for Plaintiffs*
ANEMNESIS, LLC, a California limited liability company; DEVAN DAY, an individual; and BLAKE POWERS, an individual

COMPLAINT